UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMO DAVID,

    Plaintiff,

v.                                                                                      Case No: 8:19-cv-2591-T-36JSS

UNITED STATES OF AMERICA, JANICE
DAVID-CROUCH, STATE OF FLORIDA
DEPARTMENT OF REVENUE/ CSE,
STATE OF KENTUCKY CHILD
SUPPORT, STATE OF FLORIDA
DEPARTMENT OF REVENUE/ CSE,
STATE OF KENTUCKY CHILD
SUPPORT, JANICE DAVID-CROUCH
and STATE OF FLORIDA DEPARTMENT
OF REVENUE/ CSE,

    Defendants.
_____/

## **O R D E R**

This cause comes before the Court upon the United States' Amended Motion to Stay the Filing of Case Management Report and to Stay Discovery. (Doc. 33). The United States seeks a stay pending ruling on its Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 28). The Motion to Dismiss is based on the Court's lack of subject matter jurisdiction and Plaintiff's failure to state a claim. *See id*. The Court, having considered the Motion and being fully advised in the premises, will grant the Motion to Stay.

**DISCUSSION**

Courts have broad discretion in managing their own dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The Court may stay discovery pursuant to Federal Rule of Civil Procedure 26(c) where the moving party shows good cause and reasonableness. *Feldman v. Flood*, 176 F.R.D.

651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C.1988)). However, a pending motion to dismiss, alone, is not a basis to delay discovery. *See* M.D. Discovery (2015) §1(E)(4) ("Normally, the pendency of a motion to dismiss . . . will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion."); *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-CV-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) ("The holding in [*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)] does not establish the general rule that discovery should not proceed while a motion to dismiss is pending.");[1] *In re Winn Dixie Stores, Inc. Erisa Litig.*, No. 3:04-CV-194-J-33MCR, 2007 WL 1877887, at *2 (M.D. Fla. June 28, 2007) (noting that Eleventh Circuit case law, including *Chudasama* and its progeny, does not support "the implicit contention that discovery should be stayed whenever a defendant files a motion to dismiss."); *but see Brexendorf v. Bank of Am., N.A.*, No. 617CV2065ORL37GJK, 2018 WL 7252955, at *4 (M.D. Fla. Nov. 15, 2018) ("Trial courts have a responsibility to properly manage pretrial discovery in order to avoid a waste of resources. Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility.") (quoting *Rivas v. Bank of N.Y. Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017)).

In determining whether to stay discovery pending the resolution of a motion, the Court "must balance the harm produced by a delay in discovery against the possibility that the motion

---

[1] Although the Eleventh Circuit in *Chudasama* held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins," the cause of action subject to dismissal in that case significantly enlarged the scope of discovery and was "especially dubious." *Id*. at 1367–68. *Chudasama* and its progeny actually "stand for the [narrow] proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Koock*, 2009 WL 2579307, at *2 (quoting *In re Winn Dixie Stores, Inc. ERISA Litig.*, 2007 WL 1877887, at *1).

will be granted and entirely eliminate the need for such discovery." *Feldman*, 176 F.R.D. at 652. In balancing these considerations, the Court may take a "preliminary peek" at the merits of the purportedly dispositive motion to determine if, on the motion's face, "there appears to be an immediate and clear possibility" that the Court will grant the motion, which supports entering a stay. *Id.*

In the Motion to Stay, the United States indicates that it has moved to dismiss the complaint based on a lack of subject matter jurisdiction and failure to state a claim, as Plaintiff does not allege a wrongful act or omission involving the United States or any federal actor, the claims fall within the exception to the waiver of sovereign immunity, and Plaintiff has failed to exhaust his administrative remedies. (Doc. 28 ¶ 5). The United States further indicates that if a stay is not granted, it will expend significant time and resources on unnecessary discovery, pointing out that Plaintiff has already requested multiple documents prior to the holding of a Rule 26(f) conference. *See id.* at ¶ 7.

Having taken a preliminary peek at the Motion to Dismiss, the Court finds that the requested stay is warranted in this case. The Motion raises potentially meritorious challenges to the complaint, which outweigh any harm to Plaintiff that a delay in discovery or case management would cause. Accordingly, good cause has been shown. *See George & Co. LLC v. Cardinal Indus., Inc.*, No. 218CV154FTM38MRM, 2019 WL 1468514, at *2 (M.D. Fla. Feb. 19, 2019) (staying discovery due to potentially meritorious challenges to complaint); *Duo-Regen Techs., LLC v. 4463251 Canada, Inc.*, No. 8:13-CV-2108-T-27TBM, 2014 WL 12618711, at *1 (M.D. Fla. Feb. 14, 2014) (staying discovery in all respects because, among other things, legitimate concerns regarding subject matter jurisdiction existed). Both the filing of the case management report and

discovery are hereby stayed until such time as the pending motion to dismiss is resolved. Accordingly, it is

**ORDERED**:

1. The United States' Amended Motion to Stay the Filing of Case Management Report and to Stay Discovery (Doc. 33) pending a ruling on its Motion to Dismiss is **GRANTED**. The requirements to file a Case Management Report and to conduct discovery are stayed. The **STAY** shall remain in effect until further order of the Court.

**DONE AND ORDERED** in Tampa, Florida on April 14, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any