UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMO DAVID,

      Plaintiff,

v.                                          Case No: 8:19-cv-2591-T-36JSS

UNITED STATES OF AMERICA, JANICE
DAVID-CROUCH, STATE OF FLORIDA
DEPARTMENT OF REVENUE/ CSE,
STATE OF KENTUCKY CHILD
SUPPORT, STATE OF FLORIDA
DEPARTMENT OF REVENUE/ CSE,
STATE OF KENTUCKY CHILD
SUPPORT, JANICE DAVID-CROUCH
and STATE OF FLORIDA DEPARTMENT
OF REVENUE/ CSE,

      Defendants.
_____/

# O R D E R

This cause comes before the Court upon Plaintiff's Motion to Strike [Doc. 69] and the United States' Response in Opposition [Doc. 70]. In his motion, Plaintiff "request[s] that the Court strike the United States of America['s] motion because they submitted false information to this honorable court with full knowledge and documentation that such information is completely false and inaccurate." [Doc. 69 at 1]. The United States argues that this relief is not proper under Rule 12(f), Federal Rules of Civil Procedure, because the motion is not directed to a pleading, and should further be denied because Plaintiff does not identify any "redundant, immaterial, impertinent, or scandalous matter" in the United States' Opposition Response. [Doc 70 at 2-6]. Having considered the motion and the response, and being otherwise duly advised in the premises, the Court will deny the Motion to Strike.

Plaintiff argues that the United States' motions may be striken pursuant to Federal Rule of Civil Procedure 12(f); *Cox v. Burke*, 706 So. 2d 43, 46 (Fla. 5th DCA 1998); and *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989).[1] [Doc. 69 at 5]. While Plaintiff does not expressly identify which motion(s) should be struck, it is apparent that the motions and responses addressing Plaintiff's motions for leave to amend the complaint are at issue. The motion to strike contains twenty-seven numbered paragraphs of factual allegations without any supporting memorandum of legal authority as required by Local Rule 3.01(a) (M.D.Fla.). "As the Court has previously noted, pro se litigants must comply with all Local Rules and the Federal Rules of Civil Procedure." *Barr v. One Touch Direct*, No. 8:15-CV-2391-T-33MAP, 2017 WL 1023378, at *2 (M.D. Fla. Mar. 16, 2017) (quotation omitted). The motion is due to be denied for failure to comply with Local Rule 3.01(a). *See Holding Co. of the Villages, Inc. v. Little John's Movers & Storage, Inc.*, No. 5:17-CV-187-OC-34PRL, 2017 WL 9938032, at *1 (M.D. Fla. July 20, 2017); *Aguirre v. A Royal Moving & Storage, Inc.*, No. 6:15-CV-395-ORL-41GJK, 2016 WL 11577628, at *1 (M.D. Fla. Jan. 20, 2016).

Moreover, as the United States points out in its response, Rule 12(f) does not provide the Court a basis on which to strike a motion. "Pursuant to Rule 12(f) the district court may 'strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.' " *DeJesus v. Cigna Corp.*, No. 6:17-CV-1208-ORL-41TBS, 2018 WL 375579, at *2

---

[1] The cited cases address the issue of fraud on the court and Plaintiff has alleged that various statements made by the United States are inaccurate and fraudulent. The Court need not address these claims in light of Plaintiff's failure to provide the Court with a supporting memorandum in accordance with the Local Rules as discussed more fully herein. "Moreover, granting a motion to strike is a drastic remedy which courts are hesitant to impose, even when a fraudulent submission is found." *Learning Connections, Inc. v. Kaufman, Englett & Lynd, PLLC*, No. 6:11-CV-368-ORL-19GJK, 2012 WL 13103015, at *5 (M.D. Fla. Jan. 18, 2012).

(M.D. Fla. Jan. 11, 2018) (emphasis added) (citing Fed. R. Civ. P. 12(f)). "The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." *Haegele v. Judd*, No. 8:19-CV-2750-T-33CPT, 2020 WL 3288030, at *1 (M.D. Fla. June 19, 2020). Importantly, a motion is not a pleading. *See* Fed. R. Civ. P. 7(a) (limiting pleadings to include: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer).

"[A] motion to strike is not the proper vehicle for challenging matters not contained in pleadings." *Pyzynski v. Thomas & Betts Corp.*, No. 6:16-CV-1998-ORL40-DCI, 2017 WL 9510591, at *1 (M.D. Fla. Nov. 16, 2017). This Court routinely denies as improper, motions to strike a motion pursuant to Rule 12(f). *Id.* (collecting cases*); Inter-Tel, Inc. v. W. Coast Aircraft Eng'g, Inc.*, No. 8:04-CV-302224, 2005 WL 2431267, at *2 (M.D. Fla. Oct. 3, 2005) ("This Court has consistently held that Rule 12(f) provides only for the striking of pleadings, not motions."). Accordingly, the motion to strike is also due to be denied on this ground. Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion to Strike is hereby **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on July 17, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any