UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMO DAVID,

      Plaintiff,

v.                                       Case No: 8:19-cv-2591-T-36JSS

UNITED STATES OF AMERICA, JANICE
DAVID-CROUCH, STATE OF FLORIDA
DEPARTMENT OF REVENUE/ CSE,
STATE OF KENTUCKY CHILD
SUPPORT, STATE OF FLORIDA
DEPARTMENT OF REVENUE/ CSE,
STATE OF KENTUCKY CHILD
SUPPORT, JANICE DAVID-CROUCH
and STATE OF FLORIDA DEPARTMENT
OF REVENUE/ CSE,

      Defendants.
_____/

**O R D E R**

      This cause comes before the Court upon the United States' Motion to Dismiss [Doc. 28];

Plaintiff's Response [40]; Plaintiff's Motions for Leave to File 2nd Amended Complaint [Docs.

34, 62, 67, 73, 83]; and the United States' Responses in Opposition [Docs. 39, 68, 79]. The United

States presents various grounds for dismissal of the amended complaint and argues that because

the proposed complaint suffers from the same fatal defects, it would be futile to grant leave to

amend. Having considered the motions and responses, the Court will **GRANT** the motion to

dismiss [Doc. 28] and **DENY** the motions for leave [Docs. 34, 62, 67, 73, 83].

## I.    BACKGROUND[1]

---

[1] The following statement of facts is derived from the Amended Complaint [Doc. 18], the
allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss.

Plaintiff, Kimo David, proceeding *pro se*[2] in this matter, asserts various wrongs against him by Defendants, tracing back to as early as 2017. He alleges that around January 13, 2017, Janice David-Crouch—assumedly his former wife—was allowed to relocate their minor child to Italy without getting his signature for the minor child's passport application and without filing a notice of relocation of the minor child. [Doc. 18 at p. 4]. Subsequently, on or about January 12, 2018, the United States or the Florida Department of Revenue published on its website statements that he is a convicted criminal and faced contempt of court charges for failure to pay child support. *Id.* at p. 5. Only a few weeks later, on or about March 8, 2018, the State of Florida allegedly garnished his income for $69,799.99 in child rearing expenses for the minor child, even though the DNA results were negative. *Id.* at p. 3. Then around April 5, 2018, he discovered that the Kentucky Child Support Agency, through Erin Thomas, had created a fraudulent order seizing and liquidating his Wells Fargo stock account. *Id.* at p. 2. Based on these occurrences, Plaintiff filed an action in the Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida, on September 23, 2019. [Doc. 1-1].

The action was removed to this Court on October 19, 2019. [Doc. 1]. Shortly after, on November 4, 2019, Plaintiff filed an amended complaint with twenty-one exhibits[3] and a

---

*Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

[2] The Tampa Chapter of the Federal Bar Association operates a Legal Information Program on Tuesdays from 1:00 p.m. to 3:00 p.m. on the 2nd floor of the Sam Gibbons United States Courthouse and Federal Building, 801 North Florida Avenue, Tampa, Florida 33602. Through that program, *pro se* litigants may consult with a lawyer on a limited basis for free. Reservations for specific appointments may be made by calling (813) 301-5400; walk-ins are welcome if space is available. More information about the program is available on the Court's website at http://www.flmd.uscourts.gov/litigants-without-lawyers under the link "Go to the Guide for Proceeding Without A Lawyer."

[3] While several of these exhibit are not legible—in whole or in part—from their reproduction, the exhibits include the following: an order to withhold and deliver from the Commonwealth of Kentucky's Department of Income Support Child Support Enforcement and other correspondences

supporting affidavit.[4] [Docs. 18, 19]. In that complaint, he raised various claims including violation of the Fourth Amendment to the United States Constitution and Article 1 Section 12 of the State of Florida Constitution; fraud; parental kidnapping; libel defamation; debt collection violation and abuse of process; violation of procedural due process under the Seventh and Fourteenth Amendments and Deprivation of Rights under 18 U.S.C § 242. [Doc. 18]. On November 18, 2019, the United States moved to dismiss the amended complaint on the ground that subject matter jurisdiction was lacking, and the amended complaint failed to state a claim. [Doc. 28 at p. 6]. The United States further argued that Plaintiff failed to properly exhaust his administrative remedies and that the claims asserted were exempted from the limited waiver of sovereign immunity under the Federal Tort Claims Act.

Subsequently, Plaintiff requested leave to file a second amended complaint on November 25, 2019. [Doc. 34]. Prior to a ruling on that motion, Plaintiff filed the second amended complaint on December 3, 2019. [Doc. 38]. In its December 9, 2019, response to the motion for leave, the United States argues that it would be futile to allow Plaintiff another opportunity to amend because the proposed second amended complaint suffers the same fatal defects that plagued the amended complaint—(i) the claims are barred by sovereign immunity, (ii) Plaintiff failed to exhaust administrative remedies, and (iii) plaintiff failed to state a claim on which relief can be granted. [Doc. 39 at p. 1]. The United States also moved to strike the second amended complaint which

---

from that entity which are barely legible; correspondence from the Department of the Army to Plaintiff denying an application ; the minor child's birth certificate; a passport application; Plaintiff's application seeking the return of the minor child under the Hague Convention; a witness affidavit concerning the defamation; correspondence from the State of Florida to Plaintiff indicating it could not accept liability for his loss because the State of Florida does not waive its sovereign immunity for purely governmental functions or planning level decisions; and correspondence from the Department of Justice indicating that his claims had been reviewed but did not reveal prosecutable violations of federal criminal civil rights statutes. Docs. 18-1-18-23.
[4] The affidavit is essentially a reproduction of the complaint. *Compare* Doc. 18 with Doc. 19.

Plaintiff filed without the Court's leave. [Doc. 52]. Plaintiff has again moved to file a second amended complaint. *See* Docs. 62, 67, 73, 83. The proposed complaints, in large part, present the same allegations raised and claims asserted in the amended complaint. In response to the April 19th motion [Doc. 67], the United States presents the same arguments it earlier raised—that granting leave would be an exercise in futility as the proposed complaint has the same defects as the amended complaint. [Doc. 68].

## II.   LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, an action may be subject to dismissal if the court lacks subject matter jurisdiction or the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), (6). "Motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may attack jurisdiction facially or factually." *Roberts v. Swearingen*, 358 F. Supp. 3d 1341, 1346 (M.D. Fla. 2019) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003)); *Lawrence v. United States*, 597 F. App'x 599, 601 (11th Cir. 2015) (stating same). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232–33 (11th Cir. 2008). "Factual attacks, on the other hand, challenge the existence of subject-matter jurisdiction in fact, and the district court may consider matters outside of the pleadings." *Koury v. Sec'y, Dep't of Army*, 488 F. App'x 355, 356 (11th Cir. 2012). Here, the United States makes a facial attack on the amended complaint.

On a motion to dismiss pursuant to Rule 12(b)(6)—for failure to state a claim on which relief can be granted—the Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. *Navia v. Nation Star Mortg. LLC*, 708 F. App'x

4

629 (11th Cir. 2018); *Helix Inv. Mgmt., LP v. Privilege Direct Corp.*, 364 F. Supp. 3d 1343, 1347 (M.D. Fla. 2019) (stating same). However, legal conclusions "are not entitled to the assumption of truth" and "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *McArdle v. City of Ocala*, 418 F. Supp. 3d 1004, 1006 (M.D. Fla. 2019) (first quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009), then quoting *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003)). In order to survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Lattimore v. Wells Fargo Bank, N.A.*, 590 F. App'x 912, 913 (11th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The plausibility standard is satisfied when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Importantly, pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*¸ 148 F.3d 1262, 1263 (11th Cir. 1998). However, they still must meet minimal pleading standards. *Pugh v. Farmers Home Admin.*, 846 F. Supp. 60, 61 (M.D. Fla. 1994).

As to amending the complaint, Federal Rule of Civil Procure Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." However, leave to amend a complaint may be denied because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Andrx Pharm., Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1236 (11th Cir. 2005) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *Turner v. Williams*, No. 3:19-CV-641-J-32PDB, 2020 WL

1904016, at *13 (M.D. Fla. Apr. 17, 2020) ("[A] district court need not give . . . leave when amendment would be futile."). "[D]enial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.' " *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (citing *Halliburton & Assoc., Inc. v. Henderson, Few & Co.,* 774 F.2d 441, 444 (11th Cir.1985)); *Backhurst v. Lee Cty. Bd. of Cty. Commissioners*, No. 2:18-CV-61-FTM-99CM, 2018 WL 6620453, at *3 (M.D. Fla. Oct. 1, 2018) ("When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail."). However, there is a strong preference in this circuit for allowing amendments to pleadings. *Plate v. Pinellas Cty.*, No. 8:18-CV-2534-T-36CPT, 2020 WL 428948, at *3 (M.D. Fla. Jan. 28, 2020) (citing *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1319 (11th Cir. 1999)).

## III.    DISCUSSION

### *The Motion to Dismiss*

The United States argues that dismissal is warranted under Rule 12(b)(1) because (i) Plaintiff's claims are exempt from the limited waiver of sovereign immunity under the Federal Tort Claims Act and (ii) Plaintiff failed to properly exhaust his administrative remedies. [Doc. 40 at p. 7]. Additionally, the United States contends that Plaintiff has "failed to allege any facts that would allow the Court to draw any reasonable inference that the United States is liable for the alleged misconduct" which warrants dismissal under Rule 12(b)(6). *See id.* The Court finds merit to these claims, and that the United States' sovereign immunity warrants dismissal of the amended complaint for lack of subject matter jurisdiction.

### a.    *Rule 12(b)(1) – Subject Matter Jurisdiction*

<u>Sovereign Immunity</u>

It is well established that "[t]he United States may not be sued without its consent." *Smith v. Sec'y, U.S. Dep't of Commerce*, 495 F. App'x 10, 12 (11th Cir. 2012).   "[T]he existence of consent is a prerequisite for jurisdiction." *Asociacion de Empleados del Area Canalera (ASEDAC) v. Panama Canal Comm'n*, 453 F.3d 1309, 1315 (11th Cir. 2006); *Deering v. Fed. Aviation Admin.*, No. 8:12-CV-2163-T-17AEP, 2013 WL 3864349, at *6 (M.D. Fla. July 24, 2013) (stating that "a court does not have jurisdiction of an action against the United States to which it has not consented."). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *King v. United States Gov't*, 878 F.3d 1265, 1267 (11th Cir. 2018); *James v. Jacksonville Bulk Mail Ctr.*, No. 3:06-CV-1120-J-34JRK, 2009 WL 2901197, at *3 (M.D. Fla. Sept. 4, 2009) (same). To be effective, the waiver must be unequivocally expressed. *King*, 878 F.3d at 1267. The jurisdictional allegations in the complaint must include a reference to the statute containing a waiver of the government's immunity from suit. *Deering v. Fed. Aviation Admin.*, No. 8:10-CV-1524-T-27MAP, 2011 WL 13302358, at *1 (M.D. Fla. June 9, 2011). "A failure to plead the statutory waiver of sovereign immunity results in a failure to invoke the court's subject matter jurisdiction." *Lake Chase Condo. Ass'n, Inc. v. Sec'y of Hous. & Urban Dev.*, No. 8:12-CV-177-T-23TBM, 2013 WL 3772487, at *1 (M.D. Fla. July 16, 2013).

Here, the amended complaint asserts the following claims: (i) that an employee of "the[] Kentucky Child Support a US Governmental Agency of the United States of America" created a fraudulent transfer order to seize and liquidate Plaintiff's Wells Fargo stock account without a warrant signed by a judge in violation of the Fourth Amendment, Article I Section 12 of the Florida Constitution, and 18 U.S.C. § 242; (ii) that extrinsic fraud was used by "the[] State Florida Child Support a US Governmental Agency of the United States of America" and Janice David-Crouch

to get $67,799.99 from him for child rearing expenses—apparently through garnishing his wage—even though DNA results were negative; (iii) that the United States Department of State aided and abetted David-Crouch in circumventing the requirement of both parents' signatures for obtaining the minor child's passport and removing the minor child from the country; (iv) that the United States published two defamatory statements that he was a convicted criminal and faced contempt charges for failure to pay child support; (v) that the United States and Wells Fargo Clearing Services LLC ignored his request to validate the "accused debt" which resulted in his stocks being seized and liquidated for a debt he did not owe "because he is not the biological or adopted father of these children;" and (vi) that all the "deviant actions" listed in (i)-(v) "deprived him of the right to procedural due process." [Doc. 18 at pp. 2-8]. Significantly, in each of the first five counts Plaintiff "demands for waiver of immunity because no reasonable person would believe that these Defendants' conduct was legal pursuant to *Graham v. Connor*, 490 U.S. 386 (1989); and Saucier v. Katz, 533 U.S. 194 (2001)." *See id.* at pp. 2, 3, 4, 5, 6-7.

The failure to allege that sovereign immunity has been waived as to the claims asserted and to identify the source of the waiver are fatal defects which subjects this action to dismissal. *See Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015) (stating that a plaintiff seeking to sue the United States under the FTCA must first identify an explicit statutory grant of subject matter jurisdiction and then identify a statute that waives the United States' sovereign immunity) (citing *Clark v. United States,* 326 F.3d 911, 912 (7th Cir.2003)); *Carlson v. Bush*, No. 6:07-CV-1129-ORL-19UAM, 2007 WL 3047138, at *4 (M.D. Fla. Oct. 18, 2007) ("Plaintiff has not alleged anywhere in his Complaint that his claims fall under statutes that waive the sovereign immunity of the United States. Absent this initial pleading of the Court's jurisdiction over the United States of America, the Commissioner of the IRS in her official capacity, Mark W. Everson in his official

capacity, and Secretary Henry M. Paulson, Jr. in his official capacity, the Court has no authority to consider Plaintiff's claims against these Defendants. Therefore, the Court must dismiss Plaintiff's claims against the United States of America, the Commissioner of the IRS in her official capacity, Mark W. Everson in his official capacity, and Secretary Henry M. Paulson, Jr., in his official capacity) (citations omitted); *Limoges v. US Dep't of Homeland Sec.*, No. 6:15-CV-616-ORL-40TBS, 2015 WL 6438646, at *3 (M.D. Fla. Oct. 21, 2015) ("In order to sue the United States pursuant to the FTCA, a plaintiff must first meet two statutory requirements to establish jurisdiction. 'First, as with all suitors in federal courts, the plaintiff must identify an explicit statutory grant of subject matter jurisdiction ...' Second, the plaintiff must identify the statute that waives sovereign immunity. Plaintiff's complaint does neither. I recommend that the complaint be dismissed with leave to cure these procedural deficiencies) (citations omitted), *recommendation adopted* slip op. at 1 (M.D. Fla. Oct. 21, 2015). That Plaintiff is requesting a waiver of immunity for the claims raised here further illustrates the pleading defect.

Moreover, the complaint is also due to be dismissed on the merits of Rule 12(b)(1). "[T]here has been no waiver of sovereign immunity to sue the United States or its agencies for constitutional claims." *Council v. United States*, No. 6:11-CV-847-ORL-36GJK, 2012 WL 3112001, at *4 (M.D. Fla. July 30, 2012). In *Council*, this Court concluded that the Plaintiff could not sue the United States for alleged due process violations pursuant to 42 U.S.C. § 1983 because there was no waiver of sovereign immunity. *Id.* The Eleventh Circuit and this Court have consistently applied this reasoning. *See e.g.*, *Kight v. U.S. Dist. Court, N. Dist. of Georgia*, 681 F. App'x 882, 883 (11th Cir. 2017) (holding that dismissal of action alleging "Fifth Amendment due process violations, fraud, and negligence" was proper because Plaintiff failed to identify a valid waiver of sovereign immunity for his claims); *Boda v. United States*, 698 F.2d 1174, 1176 (11th

Cir. 1983) (ruling that claims alleging a violation of constitutional due process rights are barred by the doctrine of sovereign immunity); *Smith v. Fla. Dep't of Corr.*, No. 6:08-CV-1213-ORL-DAB, 2009 WL 10670364, at *1 (M.D. Fla. Oct. 16, 2009) (dismissing complaint and reasoning, among other things, that any potential substantive due process claims under the United States and Florida Constitution were barred by sovereign immunity).

Additionally, section 2680(h) of the FTCA expressly excludes from the FTCA's waiver of sovereign immunity: "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." *Stratton v. Napolitano*, No. 8:11-CV-2651-T-35TGW, 2013 WL 12149371, at *2 (M.D. Fla. June 5, 2013) (*quoting* 28 U.S.C. § 2680(h)). "[I]f the alleged conduct falls within one of the excluded categories, the court lacks subject matter jurisdiction over the action." *Williams v. United States*, 314 F. App'x 253, 256 (11th Cir. 2009). For example, in *Slater v. United States*, 175 F. App'x 300, 308 (11th Cir. 2006), the Eleventh Circuit held that "the district court lacked jurisdiction over any of Slater's claims of deceit or misrepresentation." Likewise, in *Stratton*, this Court held that Plaintiff's fraud claims, which rely on purported misrepresentations fell squarely within the exclusions to the waiver of sovereign immunity under section 2680(h). 2013 WL 12149371, at *2. *See also Omnipol, a.S. v. Worrell*, 421 F. Supp. 3d 1321, 1342 (M.D. Fla. 2019) ("The Court has considered Plaintiffs' argument but is nevertheless persuaded that the 'gravamen' of the Amended Complaint, as Plaintiffs put it, is indeed one of fraud, misrepresentation, and deceit, as to all Defendants, thus falling within the exception stated in Section 2680(h)."); *Swinnie v. Comm'r of Soc. Sec.*, No. 8:18-CV-407-T-23AAS, 2019 WL 1532532, at *1 (M.D. Fla. Apr. 9, 2019) ("But under 28 U.S.C. § 2680(h), the United States expressly retains sovereign immunity for 'any claim

10

arising out of ... misrepresentation [or] deceit.' The misrepresentation or deceit exception to the United States' waiver of sovereign immunity bars Swinnie's "fraud" claim."); *Alvarez v. United States*, 207 F. Supp. 3d 1291, 1293–94 (M.D. Fla. 2016) ("[S]uits against the United States, as a sovereign, are subject to strict limitations. These limitations may bar a suit, even one which would be successful if brought against a private entity. After much study, the Court finds that plaintiffs' claims fail to overcome the government's sovereign immunity from suit. Thus, while the rampant fraud here calls out for a remedy, one cannot be secured from the United States), *aff'd*, 862 F.3d 1297 (11th Cir. 2017).

Similarly, "28 U.S.C. § 2680(h) reserves the United States' sovereign immunity against '[a]ny claim arising out of ... libel[ or] slander.' " *Goble v. Ward*, 628 F. App'x 692, 701 (11th Cir. 2015). *See also Burns v. United States*, No. 19-12992, 2020 WL 1944258, at *4 (11th Cir. Apr. 23, 2020) ("After substitution of the United States as the sole party, Burns's defamation claims were barred by the FTCA's exception from liability of claims arising out of libel or slander.") (quotation omitted); *Knezevich v. United States*, No. 8:18-CV-1589-T-02AEP, 2019 WL 1093449, at *4 (M.D. Fla. Jan. 15, 2019) ("Notably, as the Government asserts, the FTCA explicitly excludes tort claims for libel and slander from its waiver of sovereign immunity) (citing 28 U.S.C. § 2680(h)), *report and recommendation adopted*, No. 8:18-CV-1589-T-02AEP, 2019 WL 459140 (M.D. Fla. Feb. 6, 2019), *aff'd sub nom. Knezevich v. Carter*, 805 F. App'x 717 (11th Cir. 2020). Because the United States has not waived sovereign immunity as to Plaintiff's claims against it, Plaintiff's claims must be dismissed for lack of jurisdiction.

<u>Exhaustion of administrative remedies</u>

The amended complaint suffers an additional jurisdictional defect in that Plaintiff has failed to exhaust his administrative remedies. To the extent that Plaintiff's claims sound in fraud or

defamation, the FTCA states that "[a]n action shall not be instituted upon a claim against the United States for money damages . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C.A. § 2675. "[F]ailure to exhaust administrative remedies prevents judicial review of a tort claim against the United States." *Scarbrough v. Astrue,* 327 Fed. Appx. 827, 829 (11th Cir.2009) (citing *Turner ex rel. Turner v. United States,* 514 F.3d 1194, 1200 (11th Cir.2008)); *Markcum v. United States*, No. 8:10-CV-1857-T-30EAJ, 2011 WL 531396, at *1 (M.D. Fla. Feb. 8, 2011) (stating same). "[T]he administrative notice requirement of 28 U.S.C. § 2765 is jurisdictional and cannot be waived." *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1237 (11th Cir. 2002) (quotation omitted); *Smith v. Locke*, No. 5:10-CV-467-OC-32TBS, 2011 WL 13174994, at *4 (M.D. Fla. Sept. 30, 2011) (stating same), *report and recommendation adopted*, No. 5:10-CV-467-OC-32TBS, 2011 WL 13174995 (M.D. Fla. Nov. 29, 2011), *aff'd sub nom. Smith v. Sec'y, U.S. Dep't of Commerce*, 495 F. App'x 10 (11th Cir. 2012).

Plaintiff has attached various exhibits to the complaint and alleges that he gave the United States an opportunity to settle the respective claims. [5] However, the exhibits do not support a finding of administrative exhaustion. Two of the five exhibits are from state agencies [Docs. 18-6

---

[5] The cited attachment and the relevant claims are as follows: (i) a letter from the Commonwealth of Kentucky's Child Support Enforcement which is entirely illegible [Doc. 18-6]; (ii) a letter from the Department of the Army indicating that the Army Board for Correction of Military Records had denied his application [Doc. 18-13]; (iii) his application under the Hague Convention [Doc. 18-16]; (iv) a letter from the State of Florida acknowledging receipt of his claim against the Florida Department of Revenue [Doc. 18-20]; and (v) a letter from the Department of Justice Civil Division advising him that it reviewed his letter alleging civil rights violation but his complaint did not involve prosecutable violations of federal criminal civil rights statutes [Doc. 18-22].

and 18-20] and one of the exhibits is an application for relief [18-16], which as the United States points out does not constitute an administrative claim, *see* 28 C.F.R. § 14.2 (laying out the requirement for presentment of an administrative claim pursuant to the FTCA). Of the remaining two, the letter from the Department of the Army expressly advises Plaintiff of his right to request reconsideration [Doc. 18-13] and the letter from the Department of Justice [Doc. 18-22] does not sufficiently apprise the Court of what complaint had been presented and for which relief had been sought. Accordingly, Plaintiff has not demonstrated that he exhausted his administrative remedies.

### a. *Rule 12(b)(6) – Failure to State a Claim*

Moreover, Plaintiff's complaint is predicated almost entirely on the actions of state actors, which subjects the relevant counts to dismissal for failure to state a claim pursuant to Rule 12(b)(6). In *Amesbury v. Kearney*, 154 F. App'x 118, 119 (11th Cir. 2005), for instance, the Eleventh Circuit held that this Court properly dismissed Amesbury's claim against the United States Forest Service under the FTCA for his arrest by Florida Fish & Wildlife Conservation Commission Officer Thomas Groff because the allegations pertaining to this claim all involved behavior by state rather than federal actors. *See also Milton v. Boles*, No. 3:08CV286/LAC/MD, 2008 WL 5070052, at *4 (N.D. Fla. Nov. 24, 2008) ("Plaintiff's allegations cannot support a claim under the FTCA because the defendants are state actors, not federal actors."). In this case, Counts I and V allege actions involving the Commonwealth of Kentucky, which is not a federal actor. [Doc. 18 at pp. 2, 6]. Likewise, Counts II and IV are predicated on conduct by the "State of Florida," another state actor. *See id.* at pp. 3, 5. Among other things, Count VI alleges wrongful conduct by the Thirteenth Judicial Circuit Court of Hillsborough County, Florida, which is certainly not a federal actor, but rather a judicial actor of the State of Florida. *Id.* at p. 8. Because these claims do not seek relief for

the actions of a federal actor, dismissal for failure to state a claim pursuant to Rule 12(b)(6) would be proper. *Amesbury*, 154 F. App'x at 119.

### The Motions for Leave

Plaintiff has filed five motions for leave to file a second amended complaint.[6] [Docs. 34, 62, 67, 73, 83]. The United States has maintained that the proposed complaint suffers the same fatal defects so it would be futile to allow Plaintiff to amend. [Doc. 79 at pp. 1-2; Doc. 68 at pp. 1, 5, 6, 8; Doc. 39 at pp. 1, 4, 5, 6]. "[L]eave to amend will be denied 'if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim.' " *Lacy v. BP P.L.C.*, 723 F. App'x 713, 715 (11th Cir. 2018) (*quoting Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008)). To determine whether an amendment will be futile, the Court must assess whether the amended complaint withstands scrutiny under Rule 12(b). *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-CV-00557-T-27EAJ, 2014 WL 12620819, at *2 (M.D. Fla. Mar. 6, 2014) (citing *Ulrey v. Twiss Transp., Inc.*, No. 8:02–cv–2082–T–27MAP, 2004 WL 741380, at *1 (M.D. Fla. Jan. 30, 2004)); *Hoke v. Lyle*, 716 F. App'x 930, 931 (11th Cir. 2018) ("A proposed amendment is futile when the complaint as amended would not survive a Rule 12(b)(6) motion to dismiss."); *Rohde v. Bank of Am., N.A.*, 591 F. App'x 932, 933 (11th Cir. 2015) (holding that the proposed amended complaint could not survive a motion to dismiss so denial of the motion for leave to amend was not improper). The Eleventh Circuit instructs that "[i]f the issue of futility is close, we err on the side of generosity to the plaintiff. *Wooden v. Armenteros*, 756 F. App'x 951, 953 (11th Cir. 2018).

---

[6] Because Plaintiff has essentially alleged the same wrongful conduct in each proposed complaint, the Court will address only the proposed complaint at Doc. 73-1 in determining whether leave may be granted.

Excluding the removal of the claim for debt collection violation and abuse of process, and the addition of recently discovered constitutional violations—arising from the termination of visitation and parental rights in Kentucky—the proposed complaint almost mirrors the amended complaint and embodies its substance. In Count One, Plaintiff alleges that the United States of America seized and liquidated his Wells Fargo stock account on a warrantless order in violation of his Fourth Amendment to the United States Constitution, the Florida and Kentucky constitutions, and various federal and state statutes. [Doc. 73-1 at pp. 1-2]. Count Two alleges that the United States Army violated his rights under the Fourteenth Amendment and various statutory provisions by garnishing his income to pay child rearing expenses for a minor child from 1997 to 2006 "without paternity establishment proceeding or serving notice on [him]." *Id.* at pp. 2-3. In Count Three, Plaintiff alleges that "Judge Jason Fleming for the 3rd Circuit Court in Kentucky (the, "United States of America") issued an order terminating the [his] parental and visitation rights with his daughter . . . without jurisdiction or authority [and] discriminated [against him] based on his sex which was not consist[ent] with the law." *Id.* at pp. 3-5. Count Four asserts a claim of equal protection violation against the Florida Child Support Agency and Janice David-Crouch under the Fourteenth Amendment. *Id.* at pp. 5-6. Specifically, Plaintiff alleges that the "Florida Child Support Agency (the, "United States of America") and their client Janice David-Crouch intentionally failed to comply with" various legal requirements "by publishing defamatory statements about [him] on the Worldwide web that he is a 'convicted criminal', 'sociopath' and 'face[s] contempt of court charges'." *Id.* at p. 5. Plaintiff presents another Fourteenth Amendment equal protection claim in Count Five, based on the issuance of a passport for the minor child without his written consent and the failure to file and serve him with a petition for relocation of the minor "which resulted in the female parent abducting the . . . minor child to Italy from 2014 to

present." *Id.* at pp. 6-7. In closing, Plaintiff alleges that he "provided all the governmental agencies the opportunity to settle the claims but . . . some of the agencies denied to peacefully resolve the claims giving rise to [his] Complaint." *Id.* at p. 8. He also requests a waiver of sovereign immunity to the constitutional tort actions and asserts that he "is not required to exhaust his administrative remedies . . . because their administrative remedies were denied or patently inadequate." *Id.*

The Court agrees with the United States that granting leave to amend as to the United States would be futile as the proposed complaint suffers some of the same defects as the amended complaint and the United States has sovereign immunity from the claims asserted. First Plaintiff has not identified the source of the waiver of sovereign immunity as is required. *See Kight*, 681 F. App'x at 883 (dismissal of action alleging Fifth Amendment due process violations, fraud, and negligence was proper because Plaintiff failed to identify a valid waiver of sovereign immunity for his claims); *Carlson*, 2007 WL 3047138, at *4 (M.D. Fla. Oct. 18, 2007) (dismissing Plaintiff's claims against the United States of America because Plaintiff had not alleged anywhere in his Complaint that his claims fall under statutes that waive the sovereign immunity of the United States). Second, the claims raised fall outside the waiver of sovereign immunity. Plaintiff alleges due process violations in Counts One, Two, Three, and Five—relating to the seizure and liquidation of a stock account, garnishing of his income, termination of parental and visitation rights, and apparent granting of a passport for the minor child without his consent—and citing the United States Constitution, the Constitution of the Florida, and the Constitution of Kentucky. "[T]here has been no waiver of sovereign immunity to sue the United States or its agencies for constitutional claims." *Council*, 2012 WL 3112001, at *4; *Smith*, 2009 WL 10670364, at *1 (substantive due process claims under the United States and Florida Constitution barred by sovereign immunity). The same is true of the claims relating to fraud and defamation. As the

16

Court noted above, section 2680(h) of the FTCA expressly excludes from the FTCA's waiver of sovereign immunity: "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." *Stratton*, 2013 WL 12149371, at *2. Additionally, like the amended complaint, there are claims predicated entirely on action involving state and not federal actors, which would be subject to dismissal for failure to state a claim against the United States pursuant to Rule 12(b)(6). These defects certainly render the granting of leave a futile exercise.

Accordingly, it is hereby **ORDERED**:

1.  The United States' Motion to Dismiss [Doc. 28] is **GRANTED**. Plaintiff's claims against the United States are **DISMISSED WITH PREJUDICE**, for the reasons discussed in this Order.

2.  Plaintiff's Motions for Leave to File 2nd Amended Complaint [Docs. 34, 62, 67, 73, 83] are **DENIED.**

3.  Having dismissed Plaintiff's claims against the United States, the Court will give Plaintiff one final opportunity to amend his complaint to remove the United States as a Defendant and to assert plausible claims against the remaining Defendants. Because the United States has been dismissed from this case, Plaintiff's second amended complaint shall not include claims against the United States based on the factual allegations asserted in the amended complaint. Plaintiff is granted leave to file a second amended complaint on or before **September 4, 2020**. Failure to file a second amended complaint within the time provided will result in dismissal of this action without further notice.

**DONE AND ORDERED** in Tampa, Florida on August 14, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any