UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMO DAVID,

    Plaintiff,

v.                                            Case No: 8:19-cv-2591-T-36JSS

KENTUCKY CHILD SUPPORT
AGENCY, DARNELL COMMUNITY
HOSPITAL, FLORIDA CHILD
SUPPORT AGENCY, JANICE
DAVID-CROUCH, JASON
FLEMING and SECRETARY MR.
ERIC FRIEDLANDER AND HIS
EMPLOYEE MS. ERIN THOMAS,

    Defendants.
_____/

## ORDER

This matter comes before the Court upon Plaintiff's motions for summary judgment [Docs. 149, 150, 153]. The Court, having considered the motions and being fully advised in the premises, will deny the motions, without prejudice, as premature.

## BACKGROUND

Plaintiff, Kimo David, filed the amended complaint on September 3, 2020, arising from—among other things—the alleged garnishing of his earnings to pay childcare expenses for a child who was not his biological or adopted child, without a valid child support order. [Doc. 92]. Like the initial complaint, this complaint alleges claims against a host of defendants. *Id.* Service on the various defendants was purportedly made by registered mail and/or personal service throughout September

2020 and October 2020. [Docs. 97, 100, 101, 109-115, 117, 118, 121, 123, 127]. Motions to dismiss have since been filed by defendants Janice David[1] [Doc. 120], the State of Kentucky [Doc. 126], and the Florida Child Support Agency [Doc. 130]. Plaintiff is seeking partial summary judgment as to defendants Janice David-Crouch [Doc. 149], Jim Zingale and Amanda McCarthy [Doc. 150], and the Kentucky Child Support Agency [Doc. 153].

## DISCUSSION

"Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex*, 477 U.S. at 323; *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. After a party moves for summary judgment, the non-movant "bears the burden of calling to

---

[1] This defendant is referred to by Plaintiff as Janice David-Crouch.

the district court's attention any outstanding discovery." *Cowan v. J.C. Penney Co.*, 790 F.2d 1529, 1530 (11th Cir. 1986).

But if the court is convinced that discovery is inadequate, it should deny summary judgment. *See Blumel v. Mylander*, 919 F. Supp. 423, 428 (M.D. Fla. 1996). As Rule 56 implies, district courts should not grant summary judgment until the non-movant "has had an adequate opportunity for discovery." *Snook v. Trust Co. of Ga. Bank*, 859 F.2d 865, 870 (11th Cir. 1988); *see also McCallum v. City of Athens*, 976 F.2d 649, 650 n.1 (11th Cir. 1992) (noting that a party may move for summary judgment only after exchanging "appropriate" discovery). Indeed, "[t]he whole purpose of discovery in a case in which a motion for summary judgment is filed is to give the opposing party an opportunity to discover as many facts as are available and he considers essential to enable him to determine whether he can honestly file opposing affidavits." *Blumel*, 919 F. Supp. at 428 (quoting *Parrish v. Bd. of Comm'r of the Ala. State Bar*, 533 F.2d 942, 948 (5th Cir. 1976)). The Court must be fair to both parties, which means it must allow for an adequate record prior to considering a motion for summary judgment. *Id*.

The operative complaint was filed on September 3, 2020 and served on Defendants through October 2020. The instant motions for summary judgment were filed a mere two months after, as early as December 21, 2020.[2] [Docs. 149, 150, 153]. Prior to the filing of the amended complaint, the Court stayed discovery pending

---

[2] The Court notes that Dispositive Motions to Dismiss have been filed in this case and are under consideration by the Court. *See* Docs 120, 126, and 130.

resolution of the motion to dismiss. [Doc. 64]. That order was not lifted by the Court and the parties did not move to lift the stay. Without the taking of any discovery in this case, the Court finds that summary judgment is premature. *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1064 (11th Cir. 2013) ("Summary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition."). As the Eleventh Circuit has noted, a premature decision on summary judgment impermissibly deprives the opposing party of its right to utilize the discovery process to discover the facts necessary to justify its opposition to the motion. *Vining v. Runyon*, 99 F.3d 1056, 1058 (11th Cir. 1996).

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's motions for summary judgment against defendants Janice David-Crouch [Doc. 149], Jim Zingale and Amanda McCarthy [Doc. 150], and the Kentucky Child Support Agency [Doc. 153] are **DENIED,** without prejudice, as they are premature.

**DONE AND ORDERED** in Tampa, Florida on January 20, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any