# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

KIMO DAVID,

    Plaintiff,

v.                                    Case No: 8:19-cv-2591-T-36JSS

KENTUCKY CHILD SUPPORT
AGENCY UNDER THE OFFICIAL
CAPACITY OF SECRETARY MR.
ERIC FRIEDLANDER AND HIS
EMPLOYEE MS. ERIN THOMAS,
JUDGE JASON FLEMING UNDER
THE OFFICIAL CAPACITY OF
JUDGE FOR THE 3RD CIRCUIT
COURT IN THE STATE OF
KENTUCKY, FLORIDA CHILD
SUPPORT AGENCY UNDER THE
OFFICIAL CAPACITY OF
EXECUTIVE DIRECTOR MR. JIM
ZINGALE AND HIS EMPLOYEE MS.
AMANDA MCCARTHY, DARNELL
COMMUNITY HOSPITAL UNDER
THE OFFICIAL CAPACITY OF
SECRETARY RYAN D. MCCARTHY
AND HIS EMPLOYEE MR. JEFFREY
HERMANN, and JANICE DAVID-
CROUCH,

    Defendants.
_____/

## **O R D E R**

This matter comes before the Court upon Defendant Judge Jason Fleming's

Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice [Doc. 107],

Plaintiff's Response in Opposition [Doc. 132], and an affidavit in support of Plaintiff's

claim against Judge Fleming [Doc. 131].  In his motion, Judge Fleming states that the complaint should be dismissed for failure to state a claim against Judge Fleming, lack of subject matter jurisdiction over the claims, lack of personal jurisdiction over Judge Fleming, and improper venue. [Doc. 107 at pp. 1].  The Court, having considered the motion, and being fully advised in the premises will grant Judge Fleming's Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice.

## I.    BACKGROUND[1]

Plaintiff alleges that Defendants violated 42 U.S.C. §1983 and caused him to suffer financial loss, mental anguish, humiliation, impairment of reputation, and out-of-pocket losses arising from the deprivation of the Fourth and Fourteenth Amendments to the United States Constitution. [Doc. 92 ¶ 8]. In Count III, the only count against Judge Fleming, Plaintiff alleges that "Judge Jason Fleming under the Official Capacity of Judge for the 3rd Circuit Court in the State of Kentucky issued an order terminating [his] parental and visitation rights with his biological daughter Kimya David without any jurisdiction or proper substantive due process of the law." *Id.* ¶ 13. In doing so, Judge Fleming allegedly deprived Plaintiff of his constitutional right to rear his child and proper substantive due process. *Id.* He further alleges, in a conclusory manner, that though these actions are judicial in nature, Judge Fleming is not immune as his actions were taken in the complete absence of all jurisdiction and

---

[1] The following statement of facts is derived from Plaintiff's Second Amended Complaint [Doc. 92], the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero,* 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.,* 711 F.2d 989, 994 (11th Cir. 1983).

with malice. *Id.* ¶ 14. The order from Judge Fleming was provided as an exhibit to the complaint. [Doc. 92-3 at p. 18]. Additionally, Plaintiff provided lab results excluding him from paternity and finding that he was not the biological father of the child. *Id.* at p. 14.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b) provides several defenses that may be asserted in response to a complaint: (i) lack of subject-matter jurisdiction; (ii) lack of personal jurisdiction; (iii) improper venue; (iv) insufficient process; (v) insufficient service of process; (vi) failure to state a claim upon which relief can be granted; and (vii) failure to join a party under Rule 19. Judge Fleming has asserted four of these defenses here.

"Motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may attack jurisdiction facially or factually." *Roberts v. Swearingen*, 358 F. Supp. 3d 1341, 1346 (M.D. Fla. 2019) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003)). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232–33 (11th Cir. 2008). "Factual attacks, on the other hand, challenge the existence of subject-matter jurisdiction in fact, and the district court may consider matters outside of the pleadings." *Koury v. Sec'y, Dep't of Army*, 488 F. App'x 355, 356 (11th Cir. 2012).

"In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). A two-step analysis is required; the court must first determine whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute and then examine whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004). A plaintiff seeking to subject a nonresident defendant to jurisdiction of the court through the long-arm statute must do more than allege facts that show a possibility of jurisdiction." *Lawson Cattle & Equip., Inc. v. Pasture Renovators LLC*, 139 F. App'x 140, 142 (11th Cir. 2005) (quoting *Jet Charter Serv., Inc. v. Koeck,* 907 F.2d 1110, 1112 (11th Cir.1990)). However, a defendant contesting the complaint's allegations concerning jurisdiction must present affidavits in support of his position. *Id.* (quoting *Acquadro v. Bergeron,* 851 So.2d 665, 671 (Fla.2003)). "The district court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition testimony." *Morris*, 843 F.2d at 492.

"Unlike personal jurisdiction issues, which primarily concern the extent of a court's power over the parties and the fairness of requiring a party to defend itself in a foreign forum, venue primarily addresses the convenience of the forum." *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 857 (11th Cir. 1988). The plaintiff

4

must present only a prima facie showing of venue and the facts as alleged in the complaint are taken as true to the extent they are uncontroverted by defendant's affidavit. *Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990).

Lastly, to survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id*. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The Court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

"A court is generally limited to reviewing what is within the four corners of the complaint on a motion to dismiss." *Austin v. Modern Woodman of Am.*, 275 F. App'x 925, 926 (11th Cir. 2008) (quoting *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir.2006)). This includes attachments or exhibits provided with the complaint. *See Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019)

("The Civil Rules provide that an attachment to a complaint generally becomes "part of the pleading for all purposes," Fed. R. Civ. P. 10(c), including for ruling on a motion to dismiss."); *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (noting that attached exhibits to a complaint can be considered on a motion to dismiss). "[W]hen exhibits attached to a complaint 'contradict the general and conclusory allegations of the pleading, the exhibits govern.' " *Gill*, 941 F.3d at 514. A document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity. *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1297 n.15 (11th Cir. 2011) (citing *Maxcess, Inc. v. Lucent Techs., Inc.,* 433 F.3d 1337, 1340 n. 3 (11th Cir.2005)).

## III.   DISCUSSION

### a.  Subject matter jurisdiction

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). "As the Supreme Court long ago held in *Ex parte McCardle,* 74 U.S. (7 Wall.) 506, 19 L.Ed. 264 (1868), '[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.' " *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). As such, "a court should inquire into whether it

has subject matter jurisdiction at the earliest possible stage in the proceedings."

*Id.* Thus, the Court will first consider Judge Fleming's argument that the Court lacks

jurisdiction.

According to Judge Fleming, subject matter jurisdiction is lacking because

Plaintiff is asking the Court to review and reject his prior state court ruling, which the

*Rooker-Feldman* doctrine forbids. The *Rooker-Feldman* doctrine is described as follows:

> The Rooker–Feldman doctrine provides that federal courts,
> other than the United States Supreme Court, have no
> authority to review the final judgments of state courts. The
> doctrine extends not only to constitutional claims presented
> or adjudicated by a state court, but also to claims that are
> "inextricably intertwined" with a state court judgment. A
> federal claim is inextricably intertwined with a state court
> judgment if the federal claim succeeds only to the extent
> that the state court wrongly decided the issues before it.

*Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). The Supreme

Court has narrowed the confines of the doctrines to "cases brought by state-court losers

complaining of injuries caused by state-court judgments rendered before the district

court proceedings commenced and inviting district court review and rejection of those

judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1273 (11th Cir. 2009) (quoting *Exxon*

*Mobil Corporation v. Saudi Basic Industries Corporation,* 544 U.S. 280, 284 (2005)).

The doctrine bars federal court jurisdiction where the following factors exists:

> (1) the party in federal court is the same as the party in state
> court, *see Roe v. Alabama,* 43 F.3d 574, 580 (11th Cir. 1995);
> (2) the prior state court ruling was a final or conclusive
> judgment on the merits, *see David Vincent, Inc. v. Broward*
> *County,* 200 F.3d 1325, 1332 (11th Cir. 2000); (3) the party
> seeking relief in federal court had a reasonable opportunity
> to raise its federal claims in the state court

> proceeding, *see Dale v. Moore*, 121 F.3d 624, 626 (11th Cir.1997) (per curiam); and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment, *see Goodman ex rel. Goodman v. Sipos*, 259 F.3d 13 27, 1332 (11th Cir.2001).

*Id.* at 1272. A claim is inextricably intertwined if it would "effectively nullify" the state court judgment or it "succeeds only to the extent that the state court wrongly decided the issues*." Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (quoting *Goodman ex. Rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). "Finding a claim to be barred by *Rooker–Feldman* requires that it amount to a direct attack on the underlying state court decision." *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1288 (11th Cir. 2018).

The Court finds that at least one element is lacking*, a final or conclusive judgment on the merits*, such that the doctrine does not apply here. Plaintiff alleges that Judge Fleming issued an order terminating his parental and visitation rights without jurisdiction or substantive due process of law.  The Court has been provided with both a November 21, 2014 final order regarding visitation schedule entered by Judge Fleming[2] [Doc. 107-3] and the January 14, 2015 order vacating the former [Doc. 92-3 at p. 19]. In his second order, Judge Fleming stated, in pertinent part:

> [T]he Court did not have continuing and exclusive UCCJEA jurisdiction. . . Therefore, since UCCJEA jurisdiction is subject matter jurisdiction, the Court must vacate its Final Order Regarding Visitation Schedule entered November 21, 2014, and order it held naught.

---

[2] Review of this order readily reveals that it established a schedule of visitation between Plaintiff and K.D.

> . . . The Court finds that Kentucky no longer has any child custody jurisdiction in this matter. Court orders that if any Court believes that Kentucky does have jurisdiction, then Kentucky waives any jurisdiction that has in favor of any Court that does have proper jurisdiction over the child under the doctrine of forum non conveniens.

[Doc. 92-3 at p. 19]. Vacating an order based on lack of subject matter jurisdiction is not a ruling on the merits of the case. *See, e.g.*, *MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.*, 965 F.3d 1210, 1221 (11th Cir. 2020) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits."); *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (stating same). "Since the court lacked subject matter jurisdiction over the action, it had no power to render a judgment on the merits." *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984). The *Rooker-Feldman* doctrine therefore does not apply in this case.

### b. *Judicial immunity*

Judge Fleming also argues that judicial immunity bars Plaintiff's 42 U.S.C. § 1983 claim against him. [Doc. 107 at pp. 8-9]. The Court agrees. It is well established that "[a] judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court." *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018). "[J]udicial immunity applies to a judge who dealt with the plaintiff in a judicial capacity and did not act in the 'clear absence of all jurisdiction.' " *Smith v. Shook*, 237 F.3d 1322, 1325 (11th Cir. 2001) (quoting *Harris v. Deveaux,* 780 F.2d 911, 914 (11th Cir.1986)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th

Cir. 2005) (quoting *Bolin v. Story,* 225 F.3d 1234, 1239 (11th Cir.2000)).  "This absolute

immunity is intended 'for the benefit of the public, whose interest it is that the judges

should be at liberty to exercise their functions with independence and without fear of

consequences.' " *Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017) (quoting *Pierson*

*v. Ray*, 386 U.S. 547, 554 (1967)).

> Importantly, the Eleventh Circuit has stated that:

>> [w]hether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

*Id*. (citing *Scott v. Hayes,* 719 F.2d 1562, 1565 (11th Cir.1983)).

As Judge Fleming points out in his motion, all these facts exist here. The act

complained of is the vacating of the November 21, 2014 final order regarding

visitation, following a hearing before the judge. Without doubt, the entering of the

order following the hearing is a normal judicial function. *See, e.g., William B. Cashion*

*Nevada Spendthrift Tr. v. Vance*, 552 F. App'x 884, 887 (11th Cir. 2014)

("Entering orders is  a normal judicial function occurring  in  judicial  chambers.");

*Abdul-Karim v. Dees*, 772 F. App'x 873, 874 (11th Cir. 2019) ("The complained-of act --

- ruling on a party's motion -- is a normal judicial function."). Additionally, based on

the allegations of the complaint, including the documentary evidence attached, the

order was entered in Plaintiff's family law case pending before the court, occurred in

chambers or in open court, and the issue as to visitation arose immediately following

the hearing at which the court took testimony from both Plaintiff and the child's mother. As such, the Court finds that Judge Fleming's acts were judicial in nature.

Moreover, Judge Fleming did not act in clear absence of jurisdiction. "A judge acts in 'clear absence of all jurisdiction' only if he lacked subject-matter jurisdiction." *McCullough v. Finley*, 907 F.3d 1324, 1332 (11th Cir. 2018) (quoting *Dykes v. Hosemann*, 776 F.2d 942, 947-949 (11th Cir. 1985)). Here, having determined that jurisdiction did not exist when he entered the order on visitation, Judge Fleming vacated his earlier order. In doing so, he was acting within the narrow parameters of his jurisdiction.

As Judge Fleming was acting in his judicial capacity and did not act outside of his jurisdiction, Plaintiff's claim against him is barred by judicial immunity. *See Sibley*, 437 F.3d at 1071 ("Because asking questions at oral arguments and issuing a decision in the form of a written opinion are judicial actions and because the judges were not acting in the "clear absence of all jurisdiction," Judges Schwartz and Goderich are entitled to judicial immunity from Sibley's claims.). Because immunity applies, Plaintiff's § 1983 against Judge Fleming is barred entirely and the Court need not consider the other arguments for dismissal. *See Murphy v. Stacy*, 809 F. App'x 677, 682 (11th Cir. 2020) ("If judicial immunity applies, then, it bars Murphy's § 1983 claims entirely.").

Accordingly, it is hereby **ORDERED**:

1. Defendant Judge Jason Fleming's Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice [Doc. 107] is GRANTED.

11

Plaintiff's Second Amended Complaint is dismissed, as to Judge Jason

Fleming only, with Prejudice.

2.  The Clerk is directed to terminate Defendant Judge Jason Fleming as a

party to this action.

**DONE AND ORDERED** in Tampa, Florida on January 25, 2021.

*Charlene Edwards Honeywell*

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any