# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KIMO DAVID,

    Plaintiff,

v.                                    Case No: 8:19-cv-2591-CEH-JSS

KENTUCKY CHILD SUPPORT
AGENCY UNDER THE OFFICIAL
CAPACITY OF SECRETARY MR.
ERIC FRIEDLANDER AND HIS
EMPLOYEE MS. ERIN THOMAS,
FLORIDA CHILD SUPPORT
AGENCY UNDER THE OFFICIAL
CAPACITY OF EXECUTIVE
DIRECTOR MR. JIM ZINGALE AND
HIS EMPLOYEE MS. AMANDA
MCCARTHY, DARNELL
COMMUNITY HOSPITAL UNDER
THE OFFICIAL CAPACITY OF
SECRETARY RYAN D. MCCARTHY
AND HIS EMPLOYEE MR. JEFFREY
HERMANN, and JANICE DAVID-
CROUCH,

    Defendants.

_____/

# O R D E R

    This matter comes before the Court upon the motions to dismiss filed by Janice

D. David [Doc. 120], the Commonwealth of Kentucky Cabinet for Health and Family

Services, Department for Income Support, Child Support Enforcement [Doc. 126] and

the Florida Department of Revenue, Child Support Program [Doc. 130], Plaintiff's

responses in opposition [Docs. 133, 136, 139], and the various affidavits filed by

Plaintiff [Docs. 135, 137, 138, 141, 143, 144]. The Court, having considered the motions and being fully advised in the premises, will grant Janice D. David's Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice, and will grant, in part, the motions filed by the Commonwealth of Kentucky Cabinet for Health and Family Services and the Florida Department of Revenue.[1]

## I. BACKGROUND[2]

This lawsuit was initially filed in October 2019. [Doc. 1]. Proceeding *pro se*, Plaintiff raised a host of allegations against various defendants—including his former wife Janice David, the Kentucky state court judge who presided over his family law case, Kentucky Child Support Agency, Florida Child Support Agency, and the United States—generally relating to custody and support of two minor children, J.D. and K.D.—and other issues. *Id.* Almost a year later, Plaintiff filed a Second Amended Complaint asserting claims against the Kentucky Child Support Agency, Darnell

---

[1] As an initial matter, the Court notes there are variations between the named defendants and the responding defendants. While Plaintiff names Kentucky Child Support Agency, the responding defendant is the Commonwealth of Kentucky Cabinet for Health and Family Services, Department of Income Support, Child Support Enforcement. Likewise, Plaintiff names Florida Child Support Agency, but the responding defendant is identified as the Florida Department of Revenue, Child Support Program. Lastly, Plaintiff names Janice David-Crouch as a defendant, but she refers to herself as Janice David. The Court will generally refer to the named defendant, but may reference the name used by the responding defendant as necessary.

[2] The following statement of facts is derived from Plaintiff's Second Amended Complaint [Doc. 92], the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero,* 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.,* 711 F.2d 989, 994 (11th Cir. 1983).

Community Hospital,[3] Judge Jason Fleming,[4] the Florida Child Support Agency, and Janice David. [Doc. 92].

### *The Claims*

In Count I, Plaintiff alleges that the Kentucky Child Support Agency—through Secretary Mr. Eric Friedlander and his employee Ms. Erin Thomas—issued a warrantless order, under the seal of the agency, seizing and liquidating his personal property which deprived him of his right, privilege, and immunity secured by the Fourth and Fourteenth Amendment to the United States Constitution and that the Agency's employees acted under color of state law in violation of 42 U.S.C. §1983. *Id.* pp. 2-3 ¶¶ 11-12. In Count II, he alleges that Darnell Community Hospital—through Secretary Ryan D. McCarthy and his employee Mr. Jeffrey Hermann—issued a fraudulent birth certificate, transmitted fraudulent birth data to the National Vital Statistics System, then withheld the negative DNA testing results which conflict with the data submitted to the federal government. *Id.* at p. 5 ¶ 16. He further alleges that after he was illegally declared as the father of J.D., defendant hospital then proceeded to take a total of $61,799.99 from his earnings for the minor's child care expenses, which deprived him of his right to substantive due process under the Fourteenth

---

[3] It appears that this defendant has not been correctly named. The birth certificate which is provided as an exhibit to the claim against this defendant, lists "Darnall Army Community Hospital" [Doc. 92-3 at p. 13]. Additionally, this Defendant has not appeared in this action, although Plaintiff claims to have perfected service on it. *See* Docs. 145, 147.

[4] Judge Fleming has since been dismissed. [Doc. 168].

Amendment. *Id.* In Count IV, he alleges that the Florida Child Support Agency—through Executive Director Mr. Jim Zingale and his employee Ms. Amanda McCarthy—published defamatory statements of and concerning him—"that he face[d] contempt of court charges," is an "unfit father," and a "convicted criminal;" enforced a void order in an effort to extort money from him without any legal authority; and caused him to suffer the loss of timesharing with his biological child in violation of his Fourteenth Amendment right and other statutory rights. *Id.* pp. 7-8 ¶ 18. Lastly, he asserts in Count V that Janice David violated 18 U.S.C. § 1204 by abducting K.D. and obstructing his parental and visitation rights, and that he has relief under 42 U.S.C. § 1983. *Id.* p. 9 ¶ 23. Among other things, he alleges that she "evade[d] the country with his minor child . . . in 2014 without his consent and aiding in the deprivation of his parental rights from since 2014." *Id.* This purportedly denied him of his "foundational rights and liberty to enjoy the child rearing of his biological child protected by the *5th Amendment to the United States Constitution; Equal Justice under the Law* and the *Federal Civil Rights Act.*" *Id.*

### The Motions to Dismiss

Defendants Janice David, Kentucky Child Support Agency, and Florida Child Support Agency have all moved to dismiss, raising several arguments as to why they should be dismissed from the action. According to Janice David, dismissal is warranted because the *Rooker-Feldman*[5] doctrine divests the Court of subject matter

---

[5] The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983).

jurisdiction;[6] there is no basis for specific personal jurisdiction; venue is not proper in this Court; Plaintiff fails to state a cause of action as the complaint fails to comply with the pleading requirements in the Federal Rules of Civil Procedure and because 42 U.S.C. § 1983 does not apply to her. [Doc. 120 at pp. 6-7; 11-12, 8-11]. In response, Plaintiff contends that federal question jurisdiction exists, that Defendant's nationwide contacts allow for the exercise of personal jurisdiction, and that venue is proper in this Court as the harm was felt by Defendant in this forum. [Doc. 133 ¶¶ 2, 3-5]. He also contends that he has pleaded and asserted factual content that allows the court to draw the reasonable inference that Janice David is liable for the irreparable injury and misconduct alleged. *Id.* ¶ 17.

Both the Kentucky Child Support Agency, and Florida Child Support Agency argue that the respective claims should be dismissed as they are insufficiently pleaded and also barred by the Eleventh Amendment to the United States Constitution and sovereign immunity. [Doc. 126 at pp. 2-6; Doc. 130 at pp. 3-6]. The Kentucky Child Support Agency also argues that the Court does not have personal jurisdiction over it and that the Middle District of Florida is an improper venue. [Doc. 126 at pp. 6-10]. As to the application of sovereign immunity, Plaintiff—responding to each motion, contends that removal of the complaint from state court to federal court waived Defendants' Eleventh Amendment immunity, and that Defendants acted outside the scope of employment in bad faith; with malicious purpose; and with total disregard to

---

[6] Defendant also argues that diversity jurisdiction is lacking. [Doc. 120 at p. 8].

follow the supreme law of the land. [Doc. 136 at pp. 4-5; Doc. 139 at pp. 4-5]. Plaintiff also presented responsive arguments addressing the existence of personal jurisdiction and the propriety of venue in this Court, as well as the elements of the respective claims and his right to relief—which the Court construes as directed to the sufficiency of his claims. [Doc. 126 at pp. 2-4; Doc. pp. 2-4].

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b) provides several defenses that may be asserted in response to a complaint: (i) lack of subject-matter jurisdiction; (ii) lack of personal jurisdiction; (iii) improper venue; (iv) insufficient process; (v) insufficient service of process; (vi) failure to state a claim upon which relief can be granted; and (vii) failure to join a party under Rule 19. Fed. R. Civ. P. 12(b).

"Subject -matter jurisdiction . . . concerns a court's competence to adjudicate a particular category of cases." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 316, 126 S. Ct. 941, 950, 163 L. Ed. 2d 797 (2006). "Motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may attack jurisdiction facially or factually." *Roberts v. Swearingen*, 358 F. Supp. 3d 1341, 1346 (M.D. Fla. 2019) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003)). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232–33 (11th Cir. 2008). "Factual attacks, on the other hand, challenge the existence of subject-matter jurisdiction in fact, and the

district court may consider matters outside of the pleadings." *Koury v. Sec'y, Dep't of Army*, 488 F. App'x 355, 356 (11th Cir. 2012).

Personal jurisdiction concerns the extent of a court's power over the parties and the fairness of requiring a party to defend itself in a foreign forum. *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 857 (11th Cir. 1988). "In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). A two-step analysis is required; the court must first determine whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute and then examine whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004). A plaintiff seeking to subject a nonresident defendant to jurisdiction of the court through the long-arm statute must do more than allege facts that show a possibility of jurisdiction." *Lawson Cattle & Equip., Inc. v. Pasture Renovators LLC*, 139 F. App'x 140, 142 (11th Cir. 2005) (quoting *Jet Charter Serv., Inc. v. Koeck*, 907 F.2d 1110, 1112 (11th Cir.1990)). However, a defendant contesting the complaint's allegations concerning jurisdiction must present affidavits in support of his position. *Id.* (quoting *Acquadro v. Bergeron*, 851 So.2d 665, 671 (Fla.2003)). "The district court must construe the

allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition testimony." *Morris*, 843 F.2d at 492.

"[V]enue primarily addresses the convenience of the forum." *Delong Equip. Co.*, 840 F.2d at 857. The plaintiff must present only a prima facie showing of venue and the facts as alleged in the complaint are taken as true to the extent they are uncontroverted by defendant's affidavit. *Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990).

On a motion to dismiss for failure to state a claim, the allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff. *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016). It is well established that "[a] complaint must not be dismissed unless it is shown that plaintiff can prove no set of facts in support of this claim, which would entitle him to relief." *Jackam v. Hosp. Corp. of Am. Mideast*, 800 F.2d 1577, 1579 (11th Cir. 1986). To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id*. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The Court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

In ruling on a motion to dismiss, "[a] court is generally limited to reviewing what is within the four corners of the complaint." *Austin v. Modern Woodman of Am.*, 275 F. App'x 925, 926 (11th Cir. 2008) (quoting *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir.2006)). This includes attachments or exhibits provided with the complaint. *See Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes "part of the pleading for all purposes," Fed. R. Civ. P. 10(c), including for ruling on a motion to dismiss."); *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (noting that attached exhibits to a complaint can be considered on a motion to dismiss). "[W]hen exhibits attached to a complaint 'contradict the general and conclusory allegations of the pleading, the exhibits govern.' " *Gill*, 941 F.3d at 514. A document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity. *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1297 n.15 (11th Cir. 2011) (citing *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n. 3 (11th Cir.2005)).

## III.    DISCUSSION

### *Subject Matter Jurisdiction*

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). "As the Supreme Court long ago held in *Ex parte McCardle,* 74 U.S. (7 Wall.) 506, 19 L.Ed. 264 (1868), '[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.' " *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). As such, "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.* Plaintiff brings the action pursuant to 28 U.S.C. § 1331 and assert claims under various federal statutes including 42 U.S.C. § 1983. [Doc. 92 at ¶¶ 1, 2]. This is sufficient to confer subject matter jurisdiction on the Court, generally.

Defendants have each raised jurisdictional bars to Plaintiff's claims. Janice David raises *Rooker-Feldman* and Kentucky and Florida both raise sovereign immunity. *See Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1284 (11th Cir. 2018) ("The *Rooker–Feldman* doctrine is a limitation on the jurisdiction of the inferior federal courts."); *Bouchard Transp. Co. v. Fla. Dep't of Env't Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996) ("[T]he Court has held that Eleventh Amendment immunity is in the nature of a jurisdictional bar."). The Court finds merit only to the latter and will discuss each respectively.

i. *Rooker-Feldman*

"Under the *Rooker-Feldman* doctrine, federal district courts and courts of appeals do not have jurisdiction to review state court decisions."[7] *May v. Morgan Cty. Georgia*, 878 F.3d 1001, 1004 (11th Cir. 2017). "[T]hat task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). "The doctrine applies both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." *May*, 878 F.3d 1001, 1005 (11th Cir. 2017) (quoting *Casale*, 558 F.3d at 1260). "It does not apply, however, where a party did not have a reasonable opportunity to raise his federal claim in state proceedings."[8] *Id.* "A claim that at its heart challenges the state court decision itself—and not the statute or law which underlies that decision—falls within the doctrine because it 'complain[s] of injuries caused by state-court judgments' and 'invite[s] ... review and rejection of those judgments.'" *May*, 878 F.3d at 1005.

For the doctrine to apply, the following factors must exist:

> (1) the party in federal court is the same as the party in state court, *see Roe v. Alabama,* 43 F.3d 574, 580 (11th Cir.1995); (2) the prior state court ruling was a final or conclusive judgment on the merits, *see David Vincent, Inc. v. Broward County,* 200 F.3d 1325, 1332 (11th Cir.2000); (3) the party seeking relief in federal court had a reasonable opportunity

---

[7] Notably, "[t]he *Rooker–Feldman* doctrine does not 'supplant' preclusion law or 'augment' other doctrines related to deference to state court actions. Rather, '[d]isposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law.'" *Nicholson v. Shafe*, 558 F.3d 1266, 1278 (11th Cir. 2009) (internal cites omitted).

[8] "A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001).

> to raise its federal claims in the state court proceeding, *see Dale v. Moore,* 121 F.3d 624, 626 (11th Cir.1997) (per curiam); and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment, *see Goodman ex rel. Goodman v. Sipos,* 259 F.3d 13 27, 1332 (11th Cir.2001).

*Id.* at 1272. While it may be true that Plaintiff lost in state court as Janice David now has full custody of the child and that Plaintiff is upset with that decision, all four factors have not been established. The Court is unable to determine whether Plaintiff had a reasonable opportunity to raise in the state court proceeding the claims he now raises—regarding custody or parental rights—or whether the issue was either adjudicated by the state court or inextricably intertwined with the state court's judgment. Additionally, although the Final Decree of Dissolution of Marriage dated November 2, 2007—which is provided as an exhibit—constitutes a final or conclusive judgment as to the marriage between Plaintiff and Janice David, it does not constitute a final or conclusive judgment or order as to the issues regarding parental rights and custody. Hence, Janice David has not satisfied her burden in establishing that all four factors are satisfied here.

ii.  <u>Sovereign Immunity</u>

"The Eleventh Amendment protects a State from being sued in federal court without the State's consent." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003). It states unequivocally that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States

> by Citizens of another State, or by Citizens or Subjects of
> any Foreign State.

U.S. Const. amend. XI. The bar applies not only to suits against the State itself but also an "arm of the State." *Manders*, 338 F.3d at 1308. (11th Cir. 2003). "Absent its consent, a state may not be sued in federal court unless Congress has clearly and unequivocally abrogated the state's Eleventh Amendment immunity." *DeKalb Cty. Sch. Dist. v. Schrenko*, 109 F.3d 680, 688 (11th Cir. 1997) (citing *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 99 (1984)).

The Court agrees that sovereign immunity is settled law in both Kentucky and Florida. "Kentucky has not waived its [sovereign] immunity." *Jones v. Commonwealth*, No. 18-5601, 2019 WL 2483276, at *1 (6th Cir. Jan. 3, 2019), *cert. denied sub nom. Jones v. Kentucky*, 140 S. Ct. 123, 205 L. Ed. 2d 77 (2019), *reh'g denied*, 140 S. Ct. 547, 205 L. Ed. 2d 351 (2019) (citing *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991)); *Sefa v. Kentucky*, 510 F. App'x 435, 437 (6th Cir. 2013) (stating same); *Barnes v. Hamilton*, 946 F.2d 894 (6th Cir. 1991) ("[A] state agency is entitled to assert eleventh amendment sovereign immunity against claims for monetary and injunctive relief."). Likewise, "the State of Florida has not waived sovereign immunity or consented to suit with respect to [§ 1983] actions." *Driessen v. Univ. of Miami Sch. of L. Child. & Youth L. Clinic*, 835 F. App'x 489, 492 (11th Cir. 2020) (citing *Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1502 (11th Cir. 1995); *Hill v. Dep't of Corr., State of Fla.*, 513 So. 2d 129, 133 (Fla. 1987)); *Wusiya v. City of Miami Beach*, 614 F. App'x 389, 393 (11th Cir. 2015) (stating same). The limited

waiver of Florida's sovereign immunity is confined to traditional torts and does not constitute consent to suit in federal court under § 1983. *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1515 (11th Cir. 1986). [9]

Additionally, "Congress has not abrogated Eleventh Amendment immunity in § 1983 cases." *Nichols v. Alabama State Bar*, 815 F.3d 726, 731 (11th Cir. 2016) (citing *Carr v. City of Florence,* 916 F.2d 1521, 1525 (11th Cir.1990)). *See also Odebrecht Const., Inc. v. Sec'y, Fla. Dep't of Transp.*, 715 F.3d 1268, 1289 (11th Cir. 2013) ("It is also clear that there has been no waiver or congressional override; indeed, the Supreme Court "has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity.") (quoting *Kentucky v. Graham,* 473 U.S. 159, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)). Therefore, these Defendants are immune from the claims brought against them in this Court by Plaintiff. Because the Court lacks jurisdiction, the claims in Counts I and IV must be dismissed, without prejudice. *See,e.g., Nichols*, 815 F.3d at 733 ("Given that the State Bar is an arm of the state entitled to Eleventh Amendment immunity, the district court properly dismissed Nichols's § 1983 action without prejudice for lack of subject matter jurisdiction."); *Hatcher v. Alabama Dep't of Hum. Servs., Child Support Enf't Div.*, 747 F. App'x 778, 783 (11th Cir. 2018) (stating same and citing *Nichols*).

---

[9] The Court further notes that the action was removed to this Court by the United States, [Doc. 1], such that there is no merit to the argument that these Defendants waived their immunity from suit in this Court.

The Court also questions whether it has jurisdiction over the claim against Darnell Community Hospital. Assuming that this defendant is an army hospital, it may be shielded from Plaintiff's claim by sovereign immunity. "The United States, as a sovereign entity, is immune from suit unless it consents to be sued." *Jordan v. Def. Fin. & Acct. Servs.*, 744 F. App'x 692, 695 (11th Cir. 2018) (quoting *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1188 (11th Cir. 2011). "This immunity extends to federal government agencies." *Id.* (citing *Asociacion de Empleados del Area Canalera (ASEDAC) v. Panama Canal Com'n*, 453 F.3d 1309, 1315 (11th Cir. 2006)). Absent a waiver, the United States and its agencies are shielded from suit. *King v. United States Gov't*, 878 F.3d 1265, 1267 (11th Cir. 2018). Additionally, the Federal Government is protected from liability—pursuant to the Federal Torts Claims Act, 28 U.S.C. § 2671 *et. seq.*, the embodiment of sovereign immunity in the United States Code—where its agents commit intentional torts. *Nguyen v. United States*, 556 F.3d 1244, 1255 (11th Cir. 2009). Here, the complaint alleges that the hospital's "actions were intentionally done with malice and bad faith." Certainly, this is an allegation of intentional conduct— against which the government and its agencies are protected. Moreover, the army hospital would fall under the Department of the Army,[10] which the Eleventh Circuit has previously referenced as a government agency. *See Cochran v. United States*, 770 F.2d 949, 957 (11th Cir. 1985) ("the issue in the present case boils down to this: where a government agency (in this case, the Department of the Army) has responded

---

[10] Service of the complaint for this defendant has been directed to the United States Army Litigation Division [Docs. 115, 127] and the Secretary of the Army [206].

properly . . ."). Hence, it is doubtful that jurisdiction exists with respect to the claim against Darnell Community Hospital.[11]

*Pleading Defects*

Assuming that the Court has personal jurisdiction over the remaining Defendants and that venue is proper in this Court, the Complaint suffers from pleading defects that warrant dismissal. It constitutes a shotgun pleading and the causes of action are insufficiently pleaded.

i.   Shotgun Pleading

The complaint fails to comply with the requirements of Rule 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure. Pursuant to Rule 8(a)(2), "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) states that the claims must be stated in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often . . . referred to as 'shotgun pleadings.' " *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings."

---

[11] In fact, the Court has previously dismissed, with prejudice, based on sovereign immunity and other grounds, the claims that Plaintiff had asserted against the United States in the previous iteration of the complaint. [Doc. 86]. The claim against Darnell Community Hospital was not raised in that complaint. Additionally, the fact that service for this defendant is directed to the Army further suggests that this claim would potentially have been dismissed along with the other claims asserted against the United States had it been asserted in the original complaint.

*Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).[12] "[A] District Court retains authority to dismiss a shotgun pleading on that basis alone." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018). The complaint suffers these pleading defects as it insufficiently pleads pertinent facts to the claims asserted, presents a host of seemingly impertinent allegations, and the numbered paragraphs are not confined to a single set of circumstances. Considering this, it is doubtful whether Defendants can discern what Plaintiff is alleging so as to frame a responsive pleading. As such, the complaint is subject to dismissal as a shotgun pleading. Moreover, there are other defects that subject each of the remaining claims to a more dire fate—dismissal with prejudice.

   ii.   <u>Failure to State a Claim Against Janice David</u>

      Plaintiff seeks to impose liability on Janice David pursuant to 42 U.S.C. § 1983, for abducting K.D. outside the country, but has not and cannot allege the requisite facts for liability to exist under § 1983. According to that statute:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

---

[12] Although the Court gives liberal construction to the pleadings of *pro se* litigants, "[the Court] nevertheless ha[s] required them to conform to procedural rules." *Loren v. Sasser,* 309 F.3d 1296, 1304 (11th Cir.2002).

42 U.S.C. § 1983. "Color of law means 'pretense of law,' and it does not necessarily mean under authority of law." *United States v. Picklo*, 190 F. App'x 887, 888 (11th Cir. 2006) (citing *United States v. Jones,* 207 F.2d 785, 786–87 (5th Cir.1953)). "[I]n the context of 42 U.S.C. § 1983, the Supreme Court has explained that '[t]he traditional definition of acting under color of state law requires that the defendant … have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' "[13] *United States v. Belfast*, 611 F.3d 783, 808 (11th Cir. 2010). Janice David is not and the complaint does not allege that she is a government official or has acted under color of any law. The Court therefore agrees that Plaintiff fails to plead a claim upon which relief can be granted against her.

Moreover, the Court finds that amending the complaint will be an act in futility. Amendment would be futile if the amended complaint would still be subject to dismissal. *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). Even if Plaintiff were to remove the reference to § 1983, he runs into another obstacle in that he alleges that the predicate act giving rise to the claim against Janice David is a criminal wrong—not a civil wrong. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004). Hence, the claim would still be subject to dismissal if it were not brought

---

[13] "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes. The Eleventh Circuit recognizes three tests for establishing state action by what is otherwise a private person or entity: the public function test, the state compulsion test, and the nexus/joint action test." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). Janice David does not qualify as a state actor under any of these tests.

pursuant to § 1983. "Leave to amend . . . need not be granted where amendment would be futile." *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000). As such, dismissal of the claim against Janice David is warranted, with prejudice.

   iii.   <u>Plausibility of Claims against Darnell Community Hospital</u>

As noted earlier in the discussion, a complaint must contain factual matter, which taken as true, states a claim to relief that is plausible on its face. *Ashcroft*, 556 U.S. at 677–78 (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In reviewing the complaint, the Court questions whether Plaintiff has pleaded plausible claims against Darnell Community Hospital. In Count II, Plaintiff alleges that Mr. Jeffrey Hermann provided notice to him that they illegally declared him as J.D.'s father, with DNA results which indicated that he is 99.99% not the biological father. [Doc. 92 at p. 4 ¶ 16]. He also alleges that Darnell Community Hospital issued a fraudulent birth certificate and withheld the negative DNA results which conflicted with their data submitted to the federal government. *Id.* However, the birth certificate presented as an exhibit indicates that the birth data was received by the registrar on November 21, 1997 and received by the Texas Department of Health on December 9, 1997. [Doc. 92-3 at p. 13]. Based on the DNA results provided with the complaint, Plaintiff was not excluded from paternity of J.D. until around March 30, 2007—almost ten years later. *Id.* at p. 14. There is no allegation that defendant hospital was aware of the lack of paternity when

it declared him as J.D.'s father and issued the birth certificate, and Plaintiff has not alleged facts on which the Court can find that the hospital acted with malice or bad faith when it did so. "[W]hen exhibits attached to a complaint 'contradict the general and conclusory allegations of the pleading, the exhibits govern,' " *Gill*, 941 F.3d at 514, and in this case, they controvert Plaintiff's allegation because the birth certificate was issued before the lack of paternity was discovered. Hence, it appears that the claim against the hospital is not plausible. However, the more important issue is whether this claim is barred by sovereign immunity.

## IV. CONCLUSION

In sum, the Court finds that the claims against the Commonwealth of Kentucky Cabinet for Health and Family Services and the Florida Department of Revenue are barred by sovereign immunity under the Eleventh Amendment. Plaintiff has also failed to state a claim for § 1983 liability against Janice David, a private actor. Lastly, the Court questions whether sovereign immunity bars Plaintiff's claim against Darnell Community Hospital. Therefore, Plaintiff will be directed to show cause as to why this claim should not be dismissed.

Accordingly, it is hereby **ORDERED**:

1. Janice D. David's Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice [Doc. 120] is granted. The Complaint is dismissed, as to Janice David-Crouch, with prejudice. The Clerk is directed to terminate Janice David-Crouch as a party to this action.

2. The Commonwealth of Kentucky Cabinet for Health and Family Services, Department for Income Support, Child Support Enforcement Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice [Doc. 126] is granted, in part. The claim against the Commonwealth of Kentucky, is dismissed without prejudice, for lack of subject-matter jurisdiction. The Clerk is directed to terminate the Commonwealth of Kentucky as a party to this action.

3. The Florida Department of Revenue, Child Support Program's Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice and Memorandum of Law [Doc. 130] is granted, in part. The claim against the Florida Department of Revenue, is dismissed without prejudice, for lack of subject-matter jurisdiction. The Clerk is directed to terminate the Florida Department of Revenue as a party to this action.

4. The motions to stay at docket entries 179, 181, and 187 are denied as moot.

It is further ORDERDED that:

5. Plaintiff shall show cause as to why the claim against Darnell Community Hospital should not be dismissed, with prejudice, for lack of subject matter jurisdiction based on sovereign immunity. Plaintiff shall file a written response with the Court within **FOURTEEN (14) DAYS** from the date of this Order. Failure to respond to this Order within the

time provided will result in the dismissal of this claim and the action, with prejudice, without further notice.

**DONE AND ORDERED** in Tampa, Florida on May 7, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any